UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SA CV 20-972-CBM-(ADSx) | Date | May 10, 2021 |

| | |
|---|---|
| Title | *Weiss v. Pei-Lin et al.* |

Present: The Honorable   CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:** **IN CHAMBERS- ORDER RE: ORDER TO SHOW CAUSE REGARDING SETTING ASIDE CLERK'S ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

This is an "action to "recover real property" brought by Plaintiff Michael Weiss as Executor of Estate of Jane L. Marsh, against Defendants Peggy Pei-Lin, Yi-Ming Su (Yu Yu Ming). (*See* Compl. at 1.)

## I.   BACKGROUND

On August 21, 2020, Plaintiff filed a proof of service reflecting service on "Cecilia W Chao Realtor on behalf of Peggy Pei-Lin & Yi-Ming Su" on July 12, 2020. (Dkt. Nos. 13, 14.)

On August 25, 2020, Plaintiff filed a "Notice of Return of Summons Undeliverable," stating that the process server served an individual named "Peggy Pei Lin" on July 3, 2020 but that "[a]fter investigation it was determined that she was not the Peggy Pei Lin mentioned in the Complaint." (Dkt. No. 16.) Plaintiff also attached a declaration from a process server to the Notice, who attested that he attempted to service Defendant Yi-Ming at an apartment in Alhambra, CA on May 30, May 31, June 2, June 4, June 9, and June 20, 2021 but "was unable to serve" Yi-Ming. (*Id.*)[1]

Plaintiff filed a request for entry of default on September 9, 2020. (Dkt. No. 20.) On September 11, 2020, the clerk entered default as to Defendants Yi-Ming Su and Peggy Pei-Lin. (Dkt. No. 24.)

On October 28, and November 2, 2020, the Court denied two ex parte applications for default judgment filed by Plaintiff because Plaintiff failed to demonstrate that the application was the proper subject of an ex parte application rather than a regularly noticed motion, and notice of the applications was not given to Defendants. (Dkt. Nos. 27, 30.)

---

[1] Plaintiff filed the same declaration regarding the process server's attempted service on Defendant Yi-Ming on September 11, 2020. (Dkt. No. 22.)

On October 29, 2020, Plaintiff filed a "Status Report" stating he served the Summons and Complaint "by sub service on the realtor-agent of defendants, who was at the time trying to lease the real property." (Dkt. No. 28.) Plaintiff, however, failed to demonstrate that the realtor was authorized to accept service of process on behalf of Defendants. Accordingly, the Court ordered Plaintiff to show cause in writing why the Clerk's entry of default should not be set aside for improper service and why Plaintiff's request for default judgment should not be filed as a noticed motion pursuant to L.R. 6-1. (Dkt. No. 30 (the "OSC").)

## II. STATEMENT OF THE LAW

Federal Rule of Civil Procedure 4(e) provides: "Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

**(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
**(2)** doing any of the following:
**(A)** delivering a copy of the summons and of the complaint to the individual personally;
**(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
**(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under California law, a summons may be served:

1. "by personal delivery of a copy of the summons and of the complaint to the person to be served," Cal. Civ. Proc. Code § 415.10;
2. "by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing," Cal. Civ. Proc. Code § 415.20; or
3. "by mail . . . (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment . . . and a return envelope, postage prepaid, addressed to the sender," Cal. Civ. Proc. Code § 415.30.

## III. DISCUSSION

Plaintiff filed a response to the OSC, wherein he states he will "refile a new motion for default judgment and calendar it for hearing 31 days down the road" and "will comply with any other requirement the court deems necessary and proper."[2] (Dkt. No. 31.) However, Plaintiff repeats his contention that this case does "not require service" of a motion for default judgment, there is "no need" to serve the motion for default judgment, and contends courts in this district have "vacated a regularly noticed calendared date and issued default and other adjudication without oral argument." (*Id*. at 4, 7, 8.) This Court, however, required and ordered Plaintiff to serve Defendants with notice of any motion for default judgment filed by Plaintiff.

As to service of process, Plaintiff states he "had [Defendant Peggy Pei-Lin] sub served in San Diego at her work place" and states Peggy Pei Lin "authorized notary public Danielle Campbell in San Diego, at her usual place of business, to receive the summons and complaint" but provides no proof of service or date of such service.

---

[2] No motion has been filed.

Plaintiff also argues "substituted service was made" because after a reasonable search of records only one "verifiable address" was found for Defendants, a detective "opined" Defendant Yi "left no footprints," and there are at least 71 other persons named "Peggy Pei Lin Yi." Plaintiff states "[t]he person subserved was realtor Chao" who "appears to be property manager for the Yi's from the get go." Plaintiff contends that service of process is permitted to be executed on real property within the physical seizure by posting notice on the premises or by leaving a copy of the complaint and process with the person having possession or, the person's agent, citing *U.S. v. James Daniel Good Real Property*, 510 U.S. 43, 58 (1993). However, that case dealt with government seizure of real property subject to civil forfeiture, wherein the Supreme Court noted that a "court must have actual or constructive control of the res when an *in rem* forfeiture suit is initiated," and *"*[i]n the case of real property, the res may be brought within the reach of the court simply by posting notice on the property and leaving a copy of the process with the occupant." *Id*. at 58. That case did not address service of process on an individual defendant. Accordingly, here, Plaintiff fails to demonstrate the realtor was authorized to receive service of process on behalf of Defendants. *See* Fed. R. Civ. P. 4(e).

Plaintiff also argues he "already gave notice and opportunity to the defendant Yi's to be heard because the summons face said so." However, Plaintiff fails to offer evidence demonstrating Defendants have actually been served with the summons.

Accordingly, Plaintiff fails to demonstrate proper service of process on Defendants. Therefore, the Court sets aside the clerk's entry of default (Dkt. No. 24.) *See Cobb v. Rodriguez*, 2014 WL 1383950, at *2 (S.D. Cal. Apr. 8, 2014) (denying motion for default judgment, finding "[a]s Defendants were not properly served, entry of default and default judgment for failure to respond to the FAC is inappropriate.").

Plaintiff shall file a proof of service demonstrating proper service on Defendants pursuant to Federal Rule of Civil Procedure 4(e) no later than **May 25, 2021**.

To the extent Defendants "cannot with reasonable diligence be served" pursuant to the methods set forth in Federal Rule of Civil Procedure 4(e), Plaintiff may file a properly noticed motion[3] for leave to serve the summons by publication supported by evidence demonstrating Plaintiff's attempts to serve Defendants. *See* Cal. Code Civ. Proc. § 415.50 (A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served.").

**IT IS SO ORDERED.**

---

[3] *See* Local Rule 6-1.